# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **CTC International, Inc.**<br>***d/b/a* UBUNTU,**<br>*Plaintiff*<br><br>**v.**<br><br>**The Supply Change, LLC,**<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 1:21-cv-0676-RP** |

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant's Rule 12(b)(6) Motion to Dismiss and Brief in Support, filed April 27, 2022 (Dkt. 13); Plaintiff's Response, filed May 6, 2022 (Dkt. 14); and Defendant's Reply, filed May 13, 2022 (Dkt. 15).[1]

## I. Background

Plaintiff CTC International, Inc. d/b/a Ubuntu ("CTC") is a nonprofit corporation organized under Texas law with its principal place of business in Austin, Texas. Original Complaint (Dkt. 1) ¶ 1. CTC works with Maasai craftswomen in Kenya to create handmade products for sale in the United States and internationally. *Id.* ¶ 14. CTC's best-selling products generally have been beaded message bracelets, which have been marketed in the United States since 2012. *Id.*

Defendant The Supply Change, LLC ("Supply Change") was a limited liability corporation incorporated under Texas law with its principal place of business in Austin, Texas from 2015 until 2020, when it converted to a limited liability corporation in California. *Id.* ¶¶ 2-3. On March 1,

[1] By Text Order entered May 9, 2022, the District Court referred the motion to the undersigned Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

2015, after CTC successfully contracted with Supply Change to produce a new product not at issue here – a wine bag – the parties entered into an independent contractor agreement (the "Agreement"), which was amended effective January 31, 2016. *Id.* ¶¶ 15-16, 22. Supply Change offered consulting services under the Agreement, including "cultivating new customers for Plaintiff and engaging in the sale of Plaintiff's products." *Id.* ¶ 24.

CTC alleges that Supply Change placed purchased orders for its products totaling $84,577 but has paid only $66,305.38, leaving a balance owed of $18,271.62. *Id.* CTC further alleges that Supply Change has violated the parties' agreement by selling beaded message bracelets "virtually identical to those designed and created by Plaintiff" and submitting them as specimens in support of an application to register Supply Change's word mark LOVE IS PROJECT on the Principal Register. *Id.* ¶¶ 25-26 & Dkt. 1-4 (Exh. D). CTC also alleges that Supply Change "has engaged in a course of business disparagement directed at Plaintiff with the intent to damage Plaintiff's business reputation." Dkt. 1 ¶ 31.

CTC filed this action on August 2, 2021, asserting claims for infringement of an unregistered trademark, in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a); unfair competition and dilution by blurring or "garnishment,"[2] in violation of Lanham Act Section 43(c), 15 U.S.C. § 1125(c); breach of contract; and injury to business reputation and dilution under the Texas Business and Commerce Code. CTC seeks damages, attorney fees, and injunctive and other relief.

Supply Change moves the Court to dismiss CTC's Lanham Act claims.[3] CTC opposes the Motion to Dismiss.

---

[2] Dkt. 1 ¶ 45. While not addressed by the parties, the Court construes this as a typographical error for "tarnishment."

[3] Supply Change argued in the Motion to Dismiss that CTC failed to plead diversity jurisdiction over its state law claims, but Supply Change appears to have abandoned that assertion in its Reply. As CTC pointed out in its Response, CTC clearly pled diversity jurisdiction over its claims under Texas law. Dkt. 1 ¶ 10. Thus, only CTC's Lanham Act claims are subject to Supply Change's Motion to Dismiss.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). A motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). "When a defendant attaches documents to its motion that are referred to in the complaint and are central to the plaintiff's claims, the court may also properly consider those

documents." *Id.* But because the court review only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

## III. Evidentiary Objection

CTC objects to the documents attached as exhibits to Supply Change's Motion to Dismiss. Dkt. 14 at 2-3. The Court overrules the objection as to Supply Change's Exhibit A (Dkt. 13-1), the Amendment to the parties' Agreement, which is referred to in CTC's Complaint and central to its claims. Dkt. 1 ¶¶ 22-24, 30; *Walker*, 938 F.3d at 735.

The Court sustains CTC's objection as to Exhibit B (Dkt. 13-2), comprising numerous internet printouts, and Exhibit C, excerpts from the Lanham Act (Dkt. 13-3). The Court has given these exhibits no consideration.

## IV. Analysis

The Court considers in turn whether CTC has stated each of its Lanham Act claims.

### A. Infringement of an Unregistered Mark

Lanham Act Section 43(a) provides a cause of action for trade dress infringement. 15 U.S.C. § 1125(a). "Trade dress refers to the total image and overall appearance of a product and may include features such as the size, shape, color, color combinations, textures, graphics, and even sales techniques that characterize a particular product." *YETI Coolers, LLC v. JDS Indus., Inc.*, 300 F. Supp. 3d 899, 907 (W.D. Tex. 2018) (citation and quotation marks omitted) (quoting *Amazing Spaces, Inc. v .Metro Mini Storage*, 608 F.3d 225, 251 (5th Cir. 2010)).

To succeed on a claim of infringement of unregistered product design trade dress under the Lanham Act, a plaintiff must establish that its trade dress is not functional and has acquired secondary meaning, and that there is a likelihood of consumer confusion. *See Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 215 (2000); *Eng'g Dynamics, Inc. v. Structural Software,*

*Inc.*, 26 F.3d 1335, 1350 (5th Cir. 1994). A plaintiff must "articulate the elements that comprise its protected trade dress in order for the court to evaluate the plausibility of its claim and so the defendant has fair notice of the grounds of the claim." *JDS*, 300 F. Supp. 3d at 907 (citation omitted); *see also Test Masters Educ. Servs., Inc. v. State Farm Lloyds*, 791 F.3d 561, 565 (5th Cir. 2015) (stating that a plaintiff "must identify the discrete elements of the trade dress that it wishes to protect").

Supply Change asserts that "Plaintiff has failed to identify any trademark that could be potentially protected under the Lanham Act, or how Defendant's actions constitute infringement." Dkt. 13 at 1. CTC responds that: "The photographs of CTC's 'Beaded message bracelets' incorporated in the Complaint identifies the specific features of its trade dress and adequately put Defendant on notice of its infringement." Dkt. 14 at 15.

The exhibits CTC attached as exhibits to its Complaint include this image of an allegedly infringing Supply Change bracelet:



Dkt. 1-3 at 2 (Exh. C). CTC also attached eight photos of "[r]epresentative samples of Plaintiff's distinctive beaded message bracelets, including its iconic LOVE beaded message bracelet." Dkt. 1 ¶ 18. The first three of CTC's bracelets depicted are:




Dkt. 1-2 at 2 (Exh. B). The other five beaded bracelets employ various colors and feature different messages, i.e., TEAMO, UNITE, DREAM, LET GO, and VOTE. *Id.* at 3-4.

CTC argues that:

> Defendant has been given fair notice of Plaintiff's Lanham Act claims in the Complaint. This lawsuit does not involve two strangers who have independently claimed rights to market and sell the same or overly similar products. Defendant is not a third party who innocently infringed on a stranger's trademark. The Complaint is directed at a former consultant of Defendant who intentionally infringed on Plaintiff's trademark after agreeing not to do so.

Dkt. 14 at 3. Indeed, the bracelet Supply Change is selling on Amazon appears identical to the first of CTC's bracelets shown on the preceding page. Nonetheless, CTC also includes pictures of seven different bracelets and has failed entirely to "articulate the elements that comprise its protected trade dress" in its Complaint. *JDS*, 300 F. Supp. 3d at 907. Nor does the Agreement attached to CTC's Complaint identify any "discrete elements" of CTC's claimed trade dress. *Test Masters*, 791 F.3d at 565. Instead, the Agreement merely lists: "Beaded message bracelets (e.g. LOVE bracelet)" as one of the "creative concepts owned by the company." Dkt. 1-1 at 14.

Because CTC does not identify in its Complaint the elements of its bracelets comprising its protected trade dress, it has not given Supply Change fair notice of its claim, and the Court cannot evaluate the claim's plausibility. Accordingly, the Court recommends that the District Court dismiss CTC's trade dress claim without prejudice to refiling.

**B. Dilution**

Lanham Act Section 43(c)(1) provides:

> Subject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

15 U.S.C. § 1125(c)(1). To state a dilution claim under the Lanham Act, CTC must allege that (1) it owns a famous and distinctive mark; (2) Supply Change has commenced using a mark in commerce that is diluting its mark; (3) the similarity between the parties' marks gives rise to an association between the marks; and (4) the association is likely to impair the distinctiveness of CTC's mark or harm the reputation of its mark. *See Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 548 (5th Cir. 2015); 1125(c)(1)(4) (providing that plaintiff asserting dilution must prove that unregistered trade dress, "taken as a whole, is not functional and is famous").

The Court finds that although CTC's allegations satisfy most of the elements required to state a dilution claim, it has not sufficiently pled that it owns a famous mark or trade dress. To prevail on its dilution claim, CTC ultimately must establish that the bracelet mark it asserts is famous, that is, "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." Lanham Act Section 43(c)(2)(A), 15 U.S.C. § 1125(c)(2)(A).

At the motion to dismiss stage, this Court has found that fame may be plausibly pled by allegations such as the length of time a mark has been in use, the extent of advertising and sales, and public recognition. *See, e.g.*, *Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, Nos. 1:18-CV-978-RP, 1:18-CV-596-RP, 2019 WL 3130231, at *5 (July 15, 2019) (denying motion to dismiss dilution claim); *Yeti Coolers, LLC v. Imagen Brands, LLC*, No. 1:16-CV-00578-RP, 2017 WL 2199012, at *8 (May 18, 2017) (same). Such allegations are pertinent to pleading and later proving that a mark has "the requisite degree of recognition" for a dilution claim because they are among the relevant fame factors identified in the Section 43(c)(2)(A), which include:

> (i) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties;
>
> (ii) The amount, volume, and geographic extent of sales of goods or services offered under the mark; and
>
> (iii) The extent of actual recognition of the mark.

15 U.S.C. § 1125(c)(2)(A).

None of the identified factors are addressed in CTC's Complaint. While CTC need not prove that its mark is famous at this juncture, it must allege facts demonstrating that fame is plausible. *TrueNorth Cos., L.C. v. TruNorth Warranty Plans of N. Am., LLC*, 292 F. Supp. 3d 864, 873 (N.D. Iowa 2018). CTC's mere allegation that its bracelet mark is famous is insufficient to state a claim for trademark dilution. *See, e.g.*, *Aegis Software, Inc. v. 22nd Dist. Agric. Ass'n*, 255 F. Supp. 3d 1005, 1010-11 (S.D. Cal. 2017); *Mike Vaughn Custom Sports, Inc. v. Piku*, 15 F. Supp. 3d 735, 749 (E.D. Mich. 2014); *Brain Pharma, LLC v. Scalini*, 858 F. Supp. 2d 1349, 1357 (S.D. Fla. 2012); *Luv N' Care, Ltd. v. Regent Baby Prods. Corp.*, 841 F. Supp. 2d 753, 757 (S.D.N.Y. 2012); *see also* 4 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 24:104 (5th ed. Sept. 2022 Update) ("Neither a conclusory allegation that the mark is 'famous' nor alleging that the mark is famous in a niche segment is a sufficient pleading.") (collecting cases).

Because CTC has not sufficiently pled its trademark dilution claim, the Court recommends that the District Court dismiss the claim without prejudice to refiling.

### V. Motion to Amend

In its Response, CTC states: "Should any pleading deficiency be found, however, Plaintiff would request leave to amend its complaint to cure any identified deficiency." Dkt. 14 at 20. Courts should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Courts should deny leave to amend when amendment would cause undue delay or undue prejudice to the opposing party, or the amendment would be futile or in bad faith. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Amendment is futile where it "would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

CTC has not submitted a proposed amended complaint or described any additional facts it would plead to cure the defects in its Complaint. Without a proposed amended complaint, the Court is unable to assess whether amendment is warranted. *See Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (holding that leave to amend is not required where movant fails to apprise court of facts it would plead in amended complaint to cure any deficiencies); *see also* Local Rule CV-7(b) (requiring that an executed copy of a proposed pleading be filed as an exhibit to a motion for leave). The Court therefore recommends that CTC's request for leave to amend be denied without prejudice.

### VI. Recommendation

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant's Rule 12(b)(6) Motion to Dismiss (Dkt. 13) and **DISMISS** without prejudice Plaintiff's claims under Lanham Act Section 43, 15 U.S.C. § 1125 (Count I).

If the Court accepts this recommendation, CTC's claims for Breach of Contract (Count II) and Injury to Business Reputation and Dilution under Texas Business & Commerce Code (Count III) will remain.

The undersigned further **RECOMMENDS** that the District Court **DENY** Plaintiff's motion for leave to amend without prejudice to refiling (Dkt. 14 at 20 & n.8).

**IT IS ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## VII. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 19, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE